UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAINT AGNES MEDICAL CENTER,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL O. LEAVITT, Secretary Department of Health and Human Services, 200 Independent Avenue, S.W., Washington, D.C.  20201,<br><br>　　　　　Defendant. | )<br>)<br>)<br>) No. 06-0820 (PLF)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

　　　This motion seeks an order that plaintiff St. Agnes Medical Center be given leave to file its second amended complaint, in the form submitted herewith.

**RELEVANT PROCEDURAL HISTORY**

　　　The present action was consolidated with claims of numerous hospitals for additional reimbursement for disproportionate share providers which claimed that they

1

had been underpaid by virtue of failure to incorporate into the formula for disproportionate share payments certain patient days eligible for benefits under a State Medicaid Plan, but for which days, for one reason or another, no payment was made by the Plan.

The consolidated cases were settled for a global, lump-sum payment. Pursuant to the settlement, most of the providers dismissed their actions. Plaintiff St. Agnes Medical Center, in Fresno, California, for its fiscal year ended May 31, 1990 only, elected not to settle and dismiss its claim under the global settlement.

Thereafter, counsel for the parties conferred about the proposed scheduling of the remaining cases, including the instant claim of St. Agnes Medical Center. In the interests of facilitating the litigation for the court and the parties, plaintiff desired to amend its complaint to state in more detail the facts particular to its claim. Federal Rules of Civil Procedure Rule 15(a)(1)(A) gives a party an automatic leave to amend its pleading once before a responsive pleading. However that provision does not apply here because plaintiff already amended its pleading once, for a purely technical reason, namely to include the addresses of the plaintiffs in the caption, as ordered by this court. Thus, this motion is made pursuant to F.R.C.P. Rule 15(a)(2), which allows an amended pleading "with the opposing party's written consent or the court's leave."

On or about June 16, 2008, the parties stipulated that plaintiff St. Agnes would prepare a proposed second amended complaint, submit it to counsel for defendant for its

review.  Defendant would decide whether it would consent to an order allowing the amended complaint to be filed, or whether it would not consent, and would so notify plaintiff.  In the event the defendant consented, an appropriate stipulation and proposed order would be submitted to the court, with the proposed amended complaint.  If the defendant decided to oppose the filing of the proposed amended complaint, then the plaintiff would make a motion for leave to amend. The court so ordered.

Pursuant to the stipulation, plaintiff submitted the proposed amended complaint to defendant on or about July 15, 2008.  Although counsel for defendant has never notified plaintiff of any final decision not to consent to the amended pleading, counsel has informally indicated to counsel for plaintiff that the government likely will not consent to the proposed amended complaint.

Given the passage of time, plaintiff now proceeds on the assumption that defendant's consent to the filing will not be forthcoming and so makes this motion.

## THE PROPOSED AMENDED PLEADING

Submitted herewith is the proposed Second Amended Complaint.  Apart from eliminating the original claims which now have been settled for the other plaintiffs, and for years other than 1990 for St. Agnes, the proposed complaint states in more detail the facts concerning the plaintiff's claim for the 1990 fiscal period.  (Proposed Second Amended Complaint, ¶¶ 27-33.)  In essence, the amended complaint pleads that the cost report for that year was reopened by agreement between the intermediary and the

provider, in order to amend the disproportionate share payment, but that the amended payment did not include or recognize the eligible but unpaid days.  As it happened, the eligible but unpaid days were the determinant of eligibility for a disproportionate share payment for that year.  Net of such days, plaintiff's disproportionate share percentage was .14954.  Including such days, the disproportionate share percentage was .150636.  Since in that year the threshold for receiving the disproportionate share payment was 15 percent, the failure to recognize these days would mean that plaintiff would receive no disproportionate share payment for the 1990 fiscal year.  The difference is in excess of $1 million. (¶ 32.)

In the judgment of plaintiff, the proposed amended pleading is in the interests of both justice and judicial expedience, and cannot prejudice defendant.  Although the existing pleading is also sufficient to encompass the details of the claim as set forth in the proposed amended pleading, the proposed amended pleading adds particularity which benefits all parties and the court.  Whatever the legal merits or defenses arising from the claim, they will only gain clarity from allowance of the amended pleading.

Moreover, defendant has not filed an answer in this case and there are no other motions pending. Accordingly, moving plaintiff requests leave to file its proposed Second Amended Complaint submitted herewith.

Respectfully submitted,

/s/_____
Erling Hansen (D.C. Bar No. 192708)
Law Offices of Erling Hansen, Esq.
1025 Connecticut Avenue, NW
Suite 1000
Washington, DC  20036
(202) 554-5716
(202) 554-5761 (facsimile)
erlinghansen@verizon.net


/s/_____
Thomas J.  Weiss (CA SBN 63167)
Weiss & Hunt
1925 Century Park East, Suite 2140
Los Angeles, California  90067
(310) 788-0710
(310) 788-0735 (facsimile)
tweiss@weisslawla.com

COUNSEL FOR PLAINTIFF
SAINT AGNES MEDICAL CENTER